IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Alan Berkowitz,<br><br>                    Plaintiff,<br><br>vs.<br><br>The United States, et al.,<br><br>                    Respondents, | Civil Action No. 8:09-651-HMH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE** |

      This matter is before the Court on the respondent United States' partial motion to dismiss based on lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1). [Doc. 32.]

      The petitioner's Amended Petition seeks to quash Internal Revenue Service ("IRS") summonses issued to 21 third parties in connection with a civil income tax investigation of the petitioner, Robert Alan Berkowitz, for the 2002-2007 tax years. [Doc. 8.] The petitioner alleges that the summonses are defective for a variety of reasons, ranging from bad faith on the part of the IRS to procedural defects in the issuance of the summonses.

      The Court was concerned about whether it had jurisdiction to entertain the petition in regards to third-party record keepers not actually located in the State of South Carolina. As a result, the Court issued an Order to show cause as to why the Court could exercise jurisdiction. [Doc. 26.] In response, the government filed a motion to dismiss based on a lack of subject matter jurisdiction over certain third-party record keepers. The petitioner has responded and sur-replied to the respondent's reply.

      To the Court, it appears that Section 7609 of Title 26 of the United States Code confers subject matter jurisdiction over petitions to quash summonses, issued to third-party record keepers, exclusively in the district court for the district where the person to be

summoned "resides or is found." 26 U.S.C. § 7609 (h)(1) (2005); *see also* 26 C.F.R. § 301.7609-4(b); *McCammon v. United States*, 584 F. Supp. 2d 193, 198 (D.D.C. 2008); *Gorodetsky v. United States*, 2008 WL 4449853 (E.D. Mich. Oct. 1, 2008).

The petitioner contends that Section 7609(h)(1) pertains only to whether the Court properly has *personal* jurisdiction over the third parties. A survey of relevant decisions, however, indicates that courts interpreting 26 U.S.C. § 7609(h) have repeatedly concluded that it limits federal district court's **subject matter** jurisdiction to hear petitions to quash IRS summonses. *See, e.g., Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.1995); *McCammon*, 584 F. Supp. 2d at 198; *Cayman Nat'l Bank, Ltd. v. United States*, 2007 WL 641176, at *2 (M.D. Fla. Feb.26, 2007); *Oldham v. United States*, 2002 WL 850205 (D. Or. Mar.21, 2002) and 2002 WL 31274046, at *3 (D. Or. Sept.16, 2002).

As the United States Court of Appeals for the Fifth Circuit explained, in Masat v. United States, 745 F.2d 985 (5th Cir.1984), 26 U.S.C. § 7609(h) is "not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found." *Id*. at 987. Instead, Congress added the jurisdictional restriction in 26 U.S.C. § 7609(h) in order to achieve the "twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations." *Id*. at 987-88. As such "it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer . . . would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609." *Id*. at 988.

Further, as the respondent correctly notes, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, --- U.S. ----, 128 S.Ct. 1931, 1942-43 (2008) (internal quotations and citation omitted). In this case,

26 U.S.C. § 7609 "constitutes the United States'[ ] consent to a legal challenge of its authority to issue a third-party summons, [and] strict compliance with the terms of the statute is a jurisdictional requirement." *Bell v. United States*, 521 F.Supp.2d 456, 458 (D. Md. 2007).

The petitioner would suggest somehow that the respondent is "having it both ways" to claim Section 7609 goes to the Court's subject matter jurisdiction but simultaneously advancing what amounts to an argument sounding in personal jurisdiction that certain third-parties are not actually physically located in the state. But this is not some hypocrisy on the respondent's part. First, its position tracks the language of the statute and, second, "[v]arious courts have found that the [ ] 'resides' or 'found' provisions in § 7609(h) go to a court's subject matter jurisdiction." *Cayman Nat'l Bank*, 2007 WL 641176, at *2. The Court, therefore, would defer to the nearly universal judgment of other courts that Section 7609 relates to the Court's subject matter jurisdiction. Thus, any arguments of the petitioner related to personal jurisdiction and third parties' minimum contacts with this jurisdiction need not be considered.

The Court, however, must examine whether the third parties at issue here can rightly be said to "reside or be found" in South Carolina. It seems that courts have uniformly "required the actual physical presence of the summoned party within the district in order for the summoned party to be considered 'found' within the district." *Cayman Nat'l Bank*, 2007 WL 641176 at *3.

The respondent has submitted evidence[1] that DF Services, LLC, Patterson Dental Supply, Inc., Chase Paymentech, HPSC, Inc., Great America Leasing Corp., First Data Merchant Services Corp, National Technology Leasing Corp., CareCredit, Inc., and Elavon, Inc. have no physical presence in the District of South Carolina. (Pinsonneault Aff. ¶ 3.) There is no dispute that these companies do not reside in this District. (See Pet. Mem. Supp. Resp. at 2.) Further, John Pinsonneault, a paralegal with the Department of Justice, spoke with a representative of each of the companies. He was informed that each of the respective companies had no offices or agents in South Carolina. *Id*.

The petitioner would respond that certain of these entities are, in fact, registered with the South Carolina Secretary of State. This fact, however, makes neither Pinsonneault's affidavit untrue nor does it prove that any of the respective companies have any actual physical presence. Under South Carolina law, any foreign corporation that transacts business in South Carolina must obtain a certificate of authority from the Secretary of State and appoint a registered agent, whether or not they have any physical facility. S.C. Code § 33-15-101; § 33-15-107. As stated, in interpreting Section 7609(h), courts have tended to agree that – at a minimum – the third-party record keeper must have at least some physical presence within the District to be "found" there. *See Hopkins v. Internal Revenue Service*, 2008 WL 2079151, at *3 (D.N.M.); *Williams v. United States*, 2005 WL 3105404, at *2 (E.D. Tenn. 2005); *Oldham v. United States*, 2002 WL 850205, at *1-2 (D. Ore. 2002).

The Court is persuaded by the reasoning of these decisions including the following rationale as expressed in *Williams*:

---

[1] In considering a motion to dismiss, the court must accept the material facts alleged in the complaint as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Generally speaking, the issue posed by the motion is whether the facts alleged, taken as true and without reference to facts beyond those alleged, state a cognizable cause of action. However, to the extent that the motion challenges subject matter jurisdiction pursuant to Rule 12(b)(1), evidence outside the four corners of the complaint may be considered without turning the motion into one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir.2004).

> There is no court of appeals authority which addresses the "branch test." In *Masat v. United States*, 745 F.2d 985 (5th Cir.1984), the Fifth Circuit declined to address just such an argument because the petitioner had failed to raise it before the district court. I find the *Oldham* Court's reasoning persuasive, especially in light of the "basic principle of statutory construction that terms joined by the disjunctive 'or' must have different meanings because otherwise the statute or provision would be redundant." *Cowherd v. Million*, 380 F.3d 909, 913 (6th Cir.2004) (quoting *United States v. Hill*, 79 F.3d 1477, 1482-83 (6th Cir.1996)). Obviously the statute contemplates subject matter jurisdiction based on something other than residence or use of the word "found" would be redundant. A branch office indicates a significant presence within the district, and I conclude it is sufficient to support subject matter jurisdiction under 26 U.S .C. § 7609(h)(1).

*Williams*, 2005 WL 3105404, at *2. The plaintiff has offered no proof of whatsoever that any of the companies at issue have a physical presence in this district. Nor has the petitioner cited any substantial body of precedent which would support the opposite conclusion that mere registration in the District would be a sufficient basis for an entity to be found here.

Accordingly, the Court would grant the respondent's motion to dismiss as to respondents DF Services, LLC, Patterson Dental Supply, Inc., Chase Paymentech, HPSC, Inc., Great America Leasing Corp., First Data Merchant Services Corp, National Technology Leasing Corp., CareCredit, Inc., and Elavon, Inc.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion to dismiss [Doc. 32] should be GRANTED. Respondents DF Services, LLC, Patterson Dental Supply, Inc., Chase Paymentech, HPSC, Inc., Great America Leasing Corp., First Data Merchant Services Corp, National Technology Leasing Corp., CareCredit, Inc., and Elavon, Inc. should be dismissed from the case.

IT IS SO RECOMMENDED.

               s/Bruce H. Hendricks
               United States Magistrate Judge

September 23, 2009
Greenville, South Carolina