IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Alan Berkowitz, | ) |
| | ) |
| Petitioner, | ) C.A. No. 8:09-651-HMH-BHH |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| The United States and Wachovia Bank, | ) |
| N.A., Bank of Anderson, N.A., DF Services | ) |
| LLC, CareCredit Inc./GE Money Company, | ) |
| City of Anderson, Blue Cross and Blue | ) |
| Shield of South Carolina, Delta Dental Plan | ) |
| of Missouri, CIGNA Healthcare Benefits | ) |
| Inc., CIGA Corporation, Metropolitan Life | ) |
| Insurance Co., Patterson Dental Supply | ) |
| Inc., National Technology Leasing | ) |
| Corporation, Barton R. "Chip" Bright III, | ) |
| National Processing Company, Global | ) |
| Payments Inc., Elavon Inc., Chase | ) |
| Paymentech, Bank of America Fifth Third | ) |
| Bank Operations, Legal Entry MD | ) |
| IMOC2Q, First Data Merchant Services | ) |
| Corp., HPSC Inc./GE Healthcare Financial | ) |
| Services, Great American Leasing | ) |
| Corporation, | ) |
| | ) |
| Respondents. | ) |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  On March 26, 2009, Petitioner Robert Alan

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

Berkowitz ("Berkowitz"), proceeding pro se, filed an Amended Complaint/Petition to Quash Summons issued to third parties in connection with a civil income tax investigation. On May 8, 2009, the United States filed a motion to dismiss the petition against certain Respondents based on a lack of subject matter jurisdiction. Berkowitz filed a response on June 10, 2009, the United States filed a reply on June 22, 2009, and Berkowitz filed a sur-reply on June 30, 2009. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting the United States' motion to dismiss.

Berkowitz filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Berkowitz's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Berkowitz submitted one specific objection to the magistrate judge's report. He asserts that the magistrate judge erred in finding that the court lacks jurisdiction over all record-keepers. (Objections, generally.)

Berkowitz objects to the magistrate judge's conclusion that the court lacks subject matter jurisdiction over Respondents DF Services, LLC, Patterson Dental Supply, Inc. ("Patterson"), Chase Paymentech, HPSC, Inc., Great American Leasing Corporation, First Data Merchant

Services Corporation, National Technology Leasing Corporation, CareCredit, Inc., and Elavon, Inc. (collectively "subject Respondents"). The court's jurisdiction over petitions to quash third-party summonses is governed by 26 U.S.C. § 7609(h). Section 7609(h)(1) confers jurisdiction to "[t]he United States district court for the district within which the person to be summoned *resides or is found*." (Emphasis added.)

The United States asserts that this court lacks subject matter jurisdiction as to the subject Respondents because they "neither reside nor are found in South Carolina." (Mem. Supp. Mot. Dismiss 3.) In support of its assertion, the United States provided the declaration of John Pinsonneault ("Pinsonneault"), a paralegal with the Department of Justice, who states that after speaking with a representative of each of the subject Respondents, he was informed that the subject Respondents do not have offices or agents in South Carolina and all business transacted in South Carolina is done through offices in other states. (Pinsonneault Decl. 1-3.)

Citing to Freeman v. Bee Machine Co., 319 U.S. 448, 454 (1943), Berkowitz argues that although certain Respondents "do not 'reside' in South Carolina, [they] could, nevertheless, still be 'found' in South Carolina" because found "does not necessarily mean physical presence." (Objections 3.) In Freeman, the United States Supreme Court noted that "'found' *in the venue sense* does not necessarily mean physical presence . . . a corporation may be 'found' in a particular district *for venue purposes* merely because it had consented to be sued there." 319 U.S. at 454 (emphasis added & citation omitted). The Freeman court discussed the meaning of the word "found" in the context of venue, not in the context of subject matter jurisdiction of § 7609(h)(1).

3

Section 7609(h)(1) does not define "found." Moreover, research does not reveal any caselaw from the United States Court of Appeals for the Fourth Circuit that interprets the word "found" as it relates to § 7609(h)(1). However, courts that have examined the meaning of being "found" in a district have held that it requires a physical presence by the summonsed party. See e.g., Cayman Nat. Bank, Ltd. v. United States, No. 8:06-MC-50-T-24, 2007 WL 641176 at *3 (M.D. Fla. Feb. 26, 2007) (unpublished) ("While there is not a lot of case law [on § 7609(h)(1)] regarding what constitutes being 'found' within a district, this Court finds persuasive those cases that have addressed the issue and have required the actual physical presence of the summonsed party within the district in order for the summonsed party to be considered 'found' within the district."); Williams v. United States, No. 1:05-mc-6, 2005 WL 3105404 at *2 (E.D. Tenn. July 29, 2005) (unpublished) (finding that summonsed parties were not "found" within the district because they did not "maintain[] an actual physical presence within this Court's district"); Oldham v. United States, No. 01-1410HA, 2002 WL 850205 at *2 (D. Or. Mar. 21, 2002) (unpublished) (creating a "branch office test" which "requires a physical presence within the forum and is therefore consistent [with] the limited case law which requires something more than a Due Process analysis of minimum contacts.").

Additionally, Berkowitz argues that the subject "Respondents . . . meet the *International Shoe* jurisdictional standard." (Objections 3 (citing International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement, 326 U.S. 310, 310 (1945).) Berkowitz argues that the court has personal jurisdiction over the subject Respondents; however, subject matter jurisdiction is at issue. "The concepts of subject-matter and personal jurisdiction . . . serve different purposes, and these different purposes affect the legal character of the two

4

requirements." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). "Subject-matter jurisdiction . . . is an [Article] III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court." Id. at 702. Accordingly, Berkowitz's personal jurisdiction arguments are irrelevant and without merit.

Next, Berkowitz alleges that the words "shall have jurisdiction" in § 7609(h)(1) should be construed to mean "may" have jurisdiction. (Objections 15.) However, as stated above, subject matter jurisdiction is a restriction on federal power and is not discretionary. "[T]he rule [of subject matter jurisdiction] . . . is inflexible and without exception, which requires this court . . . to deny its jurisdiction . . . in all cases where such jurisdiction does not affirmatively appear." Ins. Corp. of Ireland, 456 U.S. at 702.

Lastly, Berkowitz alleges that Pinsonneault's statement that Patterson does not have offices or agents in South Carolina is untrue. Berkowitz alleges that "[a]ccording to Patterson's website, a person could dial 800-873-7683 to find the nearest Branch Office. If one dials the phone number and enters . . . zip code . . . 29621, someone from a Patterson's office located on Benhamby Dr., Greenville, SC 29615 would answer the phone." (Objections 4.) There is no contradiction to this submission.

The court agrees and finds that Patterson has a physical presence in South Carolina and thus is "found" in the state. Accordingly, the court has subject matter jurisdiction as to Patterson. However, regarding the remaining subject Respondents, the court finds that Berkowitz's objection is without merit. The court is without subject matter jurisdiction as to the remaining

5

subject Respondents.  Therefore the court denies in part and grants in part the United States' motion to dismiss.  To the extent that it is consistent with this opinion, the court also adopts the Report and Recommendation of Magistrate Judge Hendricks.

It is therefore

**ORDERED** that the United States' motion to dismiss, docket number 32, is denied in part and granted in part.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
October 13, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.